Gustav W. Forsberg v. Commissioner.
Gustav W. Forsberg v. Commissioner
Docket No. 4522.
United States Tax Court
1945 Tax Ct. Memo LEXIS 205; 4 T.C.M. (CCH) 489; T.C.M. (RIA) 45160; May 4, 1945
Louis M. Denit, Esq., 719 15th St., N.W., Washington, D.C., for the petitioner. George J. LeBlanc, Esq., for the respondent. SMITH
Memorandum Opinion SMITH, Judge: This proceeding involves income tax deficiencies of $2,260.30 for 1940 and $1,680.23 for 1941. Petitioner alleges in his petition that the respondent erred in disallowing the deduction in each of those years of a portion of a net loss sustained in 1939. At the hearing, however, a written stipulation of facts was submitted in which petitioner *206 conceded the correctness of the respondent's determination as to the year 1941. [The Facts] The stipulation of facts submitted by the parties reads in material part as follows: 1. Petitioner is a citizen of the United States and resides in the District of Columbia. He maintains a place of business at Eighth and Maine Avenue, Southwest, in said District. 2. The returns here involved were filed with the Collector of Internal Revenue, Baltimore, Maryland. * * * * *
6. Petitioner is sixty-four years of age. For many years, he maintained a boiler and foundry works. For approximately ten years, he has operated on a smaller scale with a view to retiring from business, having during said period devoted substantially all of his time to management of his property and as a Director in sundry business organizations. Among others, he was a member of the Board of Directors of Park Savings Bank, a corporation which operated a banking house at Fourteenth Street and Park Road, Northwest, in the District of Columbia. 7. The Park Savings Bank was organized under the laws of the State of Alabama on August 30, 1909, receiving a charter which fixed its duration for a period of twenty *207 years from the date of incorporation, with the privilege of extension from time to time as provided by the laws of Alabama. No extension was applied for. However, the Bank continued operations until March 6, 1933, when it was closed by proclamation of the President of the United States. Thereafter, successive conservators of the Bank were appointed by the Comptroller of the Currency, and on July 13, 1933, John F. Moran was appointed as Receiver. Said Receiver took possession of the Bank's assets and property and proceeded to liquidate. 8. On November 25, 1933, a suit in equity was brought by Joseph W. Thompson and others against the Bank, its receiver, and others, including all those persons who constituted the Board of Directors. Petitioner was named as a defendant as one of said Directors. As a result of said equity suit, petitioner and his fellow Directors were held liable as liquidating trustees to persons who were depositors of the Bank on the date its charter expired, that is, August 30, 1929. This liability was declared by the United States Court of Appeals for the District of Columbia on March 7, 1938, and the opinion is reported in [Thompson v. Park Savings Bank] 68 App. D.C., 272; *208 96 Fed. (2d) 544. * * * 9. As a result of sundry proceedings, not necessary to be recited at length in this stipulation, an agreement of compromise was reached with respect to the liability of said Directors, and upon such agreement, there was a final decree passed and entered in the District Court of the United States for the District of Columbia in said cause on July 25, 1939. * * * 10. Petitioner paid on September 14, 1939, as his pro-rata share of the amount agreed upon in compromise the sum of Seventy-five thousand dollars ($75,000.00), plus Two hundred fifty dollars ($250.00) attorneys' fees. He took credit for a part of this outlay in his income tax return for the calendar year 1939. He claimed the right to carry over the balance as a deduction in his income tax return for 1940. The amount of such loss carried over and which petitioner claimed was deductible under Section 122. Internal Revenue Code is $23,846.97. This amount, however, has been reduced by sundry adjustments agreed upon between the taxpayer and the Commissioner, with the result that the amount of carry over loss for which petitioner claims he is entitled to credit is $10,213.91 instead of $23,846.97, *209 as claimed in the petition. Our question is whether the unabsorbed portion, $10,213.91, of the loss which petitioner sustained in 1939 by reason of the payment made in settlement of his liability to the depositors of the Park Savings Bank may be brought forward and deducted in the taxable year 1940. Section 23 (s), Internal Revenue Code (added by section 211 (a), Revenue Act of 1939), provides that in computing net income for any taxable year beginning after December 31, 1939, there shall be allowed as a deduction "the net operating loss deduction computed under section 122." Section 122, Internal Revenue Code (added by section 211 (b), Revenue Act of 1939), reads in part as follows: SEC. 122. NET OPERATING LOSS DEDUCTION. (a) Definition of Net Operating Loss. - As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions and limitations provided in subsection (d). (b) Amount of Carry-Over. - The term "net operating loss carry-over" means in the case of any taxable year the sum of: (1) The amount, if any, of the net operating loss *210 for the first preceding taxable year; and (2) The amount of the net operating loss, if any, for the second preceding taxable year reduced by the excess, if any, of the net income (computed with the exceptions and limitations provided in subsection (d) (1), (2), (3), and (4)) for the first preceding taxable year over the net operating loss for the third preceding taxable year. (c) Amount of Net Operating Loss Deduction. - The amount the net operating loss deduction shall be the amount of the net operating loss carry-over reduced by the amount, if any, by which the net income (computed with the exceptions and limitations provided in subsection (d) (1), (2), (3), and (4)) exceeds, in the case of a taxpayer other than a corporation, the net income (computed without such deduction), or, in the case of a corporation, the normal-tax net income (computed without such deduction); (d) Exceptions and Limitations. - The exceptions and limitations referred to in subsections (a), (b), and (c) shall be as follows: * * * * *
(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer *211 other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross income shall be computed with the exceptions and limitations specified in paragraphs (1) to (4) of this subsection. The respondent's position is that the loss in question was sustained in an isolated transaction, not in a trade or business, and that while petitioner was entitled to deduct it in full in 1939 under section 23 (e) (2) he is not entitled to bring forward any of the loss as a deduction of the year 1940 under section 122. The petitioner apparently agrees with the respondent that the statute permits the bringing forward only of losses sustained in a trade or business but he contends that the loss in question was of that character. He states in his brief that: Petitioner's status in the banking business was fixed by the decision of the United States Court of Appeals. He was not a wrongdoer. He was not guilty of fraud or bad faith. As determined by the Court, he was a liquidating trustee, because, by the laws of Alabama, on the dissolution of the bank there was "an express trust as to which *212 the directors were trustees and the depositors the cestui que trustent". (Thompson v. Park Savings Bank, supra, 276). In other words, by its decision, the Court placed petitioner in the banking business. The loss resulted from his connection with such business. Petitioner claims, therefore, it is the kind of loss fairly and reasonably meant by Section 122, and he is entitled to take advantage of the carry-over provision. We can not agree that petitioner was in any sense engaged in the banking business, either by reason of the fact that he was one of the directors of the bank or that he became, by judicial decree, a liquidating trustee of the bank's assets. Petitioner's regular business was operating his boiler and foundry works. The stipulation is that he has been operating on a smaller scale for several years with the idea of retiring and has been devoting most of his time "to management of his property and as a Director in sundry business organizations." Of course, it could not be successfully contended on that evidence that petitioner carried on a business of serving as a bank director. We think that the loss in question does not come within the intendment of section 122, Internal Revenue Code *213 , and that respondent did not err in disallowing the deduction claimed. See Dalton v. Bowers, 287 U.S. 404; McGinn v. Commissioner, 75 Fed. (2d) 680; Hughes v. Commissioner, 38 Fed. (2d) 755. Decision will be entered for the respondent.